UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

EMILIANO HERRERA-VELAZQUEZ;
GASPAR RESENDIZ-ALVAREZ;
HILDEBERTO VELAZQUEZ-CAMACHO;
and ISAIAS MARTINEZ-ZAVALA;

        Plaintiffs,

vs.

PLANTATION SWEETS, INC; RONALD
A. COLLINS; NARCISO PEREZ; and
PEREZ FORESTRY, LLC;

        Defendants.

Civil Action No.: _____

CV614-127

# COMPLAINT

## I. PRELIMINARY STATEMENT

1. Plaintiffs are migrant guest workers recruited by Defendants in Mexico in 2012 to work for Defendants in and around Tattnall County, Georgia. Plaintiffs file this action to secure and vindicate their rights under the Fair Labor Standards Act ("FLSA") and under Georgia contract law.

2. Defendants violated the FLSA by failing to pay each Plaintiff at least the required average minimum hourly wage for every compensable hour of labor performed in a workweek, including by failing to reimburse their pre-employment expenses as required by law.

3. Defendants breached Plaintiffs' employment contracts by failing to pay the contractual wage for all hours worked.

4. Plaintiffs seek their unpaid wages, liquidated damages, actual, incidental, consequential, and compensatory damages, and pre- and post-judgment interest.

1

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to:

   a. 28 U.S.C. § 1331 (Federal Question);

   b. 29 U.S.C. § 1337 (Interstate Commerce);

   c. 29 U.S.C. § 216(b) (FLSA), and

   d. 28 U.S.C. § 1367 (Supplemental).

6. This Court has supplemental jurisdiction over the state law claims because they are so related to Plaintiffs' federal FLSA claims that they form part of the same case or controversy under Article III, Section 2 of the U.S. Constitution.

7. This Court has jurisdiction over the claims premised on work done in Arkansas, Oklahoma, and Texas, because those claims arise out of Defendants' transaction of business in the state of Georgia, satisfying Georgia's long-arm statute, O.C.G.A. § 9-10-91(1), and Defendants Narciso Perez ("Perez") and Perez Forestry, LLC ("Perez Forestry") established minimum contacts in Georgia, satisfying due process concerns, by utilizing a Georgia agent to recruit agricultural labor through the H-2B program, supervising agricultural labor in Georgia, and transporting agricultural labor into, out of, and then back into Georgia, coordinating labor practices based on the needs of co-Defendants' Georgia agribusiness.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and S.D. Ga. Local Rule 2.1(b), because a substantial part of the claims arose in the Southern District of Georgia, and because the Defendants Ronald A. Collins ("Collins") and Plantation Sweets, Inc. ("Plantation Sweets") reside there.

## III. PARTIES

9. At all times relevant to this complaint, Plaintiffs were H-2B guest workers admitted into the United States to work under the auspices of the H-2B program, 8 U.S.C. § 1101(a)(15)(H)(ii)(b), 1184(c)(1), and 20 C.F.R. § 655.1 *et seq.* (2008).

10. Plaintiffs' FLSA consent forms are attached as Exhibit A.

11. At all times relevant to this complaint, Defendant Perez was and is a resident of the state of Arkansas. Defendant Perez may be served with process at 101 Ash Avenue, Huttig, AR 71747.

12. Defendant Perez is the farm labor contractor for Defendants Collins and Plantation Sweets.

13. At all times relevant to this complaint, Perez Forestry was and is a corporation formed under and in accordance with the laws of Arkansas. Defendant Perez Forestry may be served with process through its managing member, Narciso Perez, or its registered agent, Maria Perez, at 101 Ash Avenue, Huttig, AR 71747.

14. Defendant Perez Forestry conducted business in the state of Georgia, but was not registered as a foreign corporation with the Georgia Secretary of State.

15. At all times relevant to this complaint, Defendant Collins was and is a resident of the state of Georgia. Defendant Collins may be served with process at 1652 Ronny Collins Road, Cobbtown, GA 30420.

16. At all times relevant to this complaint, Defendant Plantation Sweets was and is a corporation formed under and in accordance with the laws of Georgia. Defendant Planation Sweets may be served through its registered agent, Glen A. Cheney, P.C., at 100 Memorial Drive, Reidsville, GA 30453.

17. Defendant Collins is the day-to-day manager of Defendant Plantation Sweets and establishes its business practices.

18. Defendants Collins and Plantation Sweets grow, harvest, and pack produce, including Vidalia onions, for sale in interstate commerce.

19. Defendants Collins and Plantation Sweets have sales well in excess of $500,000 per annum.

20. Upon information and belief, Defendants Collins and Plantation Sweets have coordinated with Defendant Perez to furnish labor to plant and harvest crops as part of their farming operations since at least 2008.

21. All allegations in this complaint pertaining to the acts or omissions of Defendant Perez were within the scope of his authority as an agent of, and, as such, were attributable to, Defendants Collins and Plantation Sweets.

22. Defendant Plantation Sweets was an employer, as defined by the FLSA, of Plaintiffs because Plaintiffs were economically dependent on Defendant Plantation Sweets for their wages, and Defendants Perez and Perez Forestry were economically dependent on Defendants Collins and Plantation Sweets to import foreign workers.

23. Defendant Plantation Sweets was also an employer of Plaintiffs because it had a place of business in the U.S. and a means by which it could be contacted for employment, had the ability to supervise and control the work of Plaintiffs, and had a valid Federal Employer Identification Number.

24. Defendant Collins was an employer, as defined by the FLSA, of Plaintiffs because Plaintiffs were economically dependent on Defendant Collins for their wages and because he was a day-to-day manager of, and had operational control over, Defendant Planation Sweets.

25. Defendant Collins was also an employer of Plaintiffs because he had a place of business in the U.S. and a means by which he could be contacted for employment, had the ability to supervise and control the work of Plaintiffs, and had a valid Federal Employer Identification Number.

26. Defendant Perez was an employer, as defined by the FLSA, of Plaintiffs because, day to day, Plaintiffs were economically dependent on him for their work, because he had management control of Perez Forestry.

27. Defendant Perez was also an employer of Plaintiffs because he had a place of business in the U.S. and a means by which he could be contacted for employment, had the ability to supervise and control the work of Plaintiffs, and had a valid Federal Employer Identification Number.

28. Defendant Perez Forestry was an employer, as defined by the FLSA, of Plaintiffs because Plaintiffs were economically dependent on Defendant Perez Forestry for their work

29. Defendant Perez Forestry was also an employer of Plaintiffs because it had a place of business in the U.S. and a means by which it could be contacted for employment, had the ability to supervise and control the work of Plaintiffs, and had a valid Federal Employer Identification Number.

30. With respect to work done by Plaintiffs in Arkansas, Oklahoma, and Texas, Defendant joint venturers, as described below in paragraphs 31 through 32, were engaged in the planting of trees and tomatoes and other produce for sale in interstate commerce.

31. Upon information and belief, Defendants Collins and Plantation Sweets entered into a joint venture with Defendants Perez and Perez Forestry, coordinating the use of the H-2B guest worker program as described below in paragraphs 38 through 41, in order to import

Plaintiffs into the United States, so that field laborers would be available at a cost less than that of the H-2A program.

32.   As joint venturers with Defendants Perez and Perez Forestry, Defendants Collins and Plantation Sweets bound themselves to the employment contract offered to and accepted by Plaintiffs as described below in paragraphs 42 through 45.

33.   As joint venturers with Defendants Collins and Plantation Sweets, Defendants Perez and Perez Forestry meet the $500,000 annual sales requirement for liability under the FLSA.

## IV. THE H-2B PROGRAM

34.   The H-2B program is implemented by U.S. Department of Labor ("U.S. DOL") regulations. The H-2B program authorizes the lawful admission of temporary, non-immigrant workers to perform labor or services of a temporary nature. The H-2B regulations that were utilized to process the importation of Plaintiffs are those found at 20 C.F.R. § 655.1 *et seq.* (2008). *See* 77 Fed.Reg. 28764, 28765 (May 16, 2012) (reinstating 2008 regulations).

35.   As the first step in obtaining permission to import H-2B workers, using ETA Form 9141 an employer must file an application for a prevailing wage determination from the U.S. DOL, which will make a prevailing wage determination and return the endorsed determination to the employer. 20 C.F.R. § 655.10(a), (b)(6) (2008).

36.   Prior to filing an Application for Temporary Employment Certification, an employer must, in addition to obtaining a prevailing wage determination, submit a "job order" to the State Workforce Agency serving the area of intended employment and attempt to recruit U.S. workers through advertising. 20 C.F.R. § 655.15 (2008). The job order and advertising must "contain terms and conditions of employment which are not less favorable than those to be

offered to the H-2B workers," and must contain certain information about the job opportunity. *Id.* §§ 655.15(e)(2), 655.17.

37. Using ETA Form 9142, an employer must then file an application for a temporary employment certification from the U.S. DOL. 20 C.F.R. § 655.20(a) (2008). This application must include an attestation that the employer will abide by certain conditions relating to wages, compliance with employment-related laws and regulations, availability of full-time employment, worksite placement, and transportation, among others. *Id.* § 655.22.

38. Defendants Perez and Perez Forestry, acting as agents for Defendants Collins and Plantation Sweets, filed an application for a prevailing wage determination from the U.S. DOL, job order AR 467690 with the Arkansas Department of Workforce Services, and an application for a temporary employment certification with the U.S. DOL, all of which stated that Plaintiffs would perform forestry work, in order to import Plaintiffs into the United States.

39. Upon information and belief, Defendants Perez and Perez Forestry, in coordination with Defendants Collins and Plantation Sweets, made fraudulent representations in the application for a prevailing wage determination, job order, and application for a temporary employment certification, as, in fact, the primary purpose for which Defendants imported Plaintiffs was to perform agricultural work, planting and harvesting Vidalia onions for Defendants Collins and Plantation Sweets.

40. The job order submitted by Defendants Perez and Perez Forestry advertised for 60 temporary positions, with work to begin in November 2012 and end in July 2013, a date range which included both the Vidalia onion planting season and the Vidalia onion harvest season.

41. Upon information and belief, in coordination with Defendants Collins and Plantation Sweets, Defendants Perez and Perez Forestry chose to utilize the H-2B program in

order to avoid the requirements of the more regulated H-2A program for agricultural guest workers, such as the requirement to provide housing at no cost to the workers, 20 C.F.R. § 655.122(d), the requirement that farm labor contractors post a surety bond, 20 C.F.R. § 655.132(b)(3), and the obligation to hire any eligible U.S. worker who applies before fifty percent of the period of the work contract has elapsed, 20 C.F.R. § 655.135(d).

42.     The terms and conditions of the job orders and the temporary employment certification applications constituted the employment contract between Plaintiffs and Defendants.

43.     The job order and temporary employment certification application promised that Plaintiffs would be paid $14.16 per hour.

## V. STATEMENT OF FACTS

44.     Defendants through their agents recruited the Plaintiffs and other workers in Mexico with an offer of employment.

45.     The Plaintiffs and other workers accepted the employment offer by signing up with agents of the Defendants in Mexico.

46.     Plaintiffs incurred various immigration and travel-related expenses in order to come to work for Defendants.

47.     Plaintiffs paid, and their own expense, visa and processing fees in excess of $180 in order to obtain the H-2B visas.

48.     In order to comply with the Defendants' hiring processes, the Plaintiffs traveled, at their own expense, from their homes in the Mexican state of Queretero to the U.S. Consulate in Monterrey or Nuevo Laredo for the consular interview necessary to obtain an H-2B visa.

49.     Plaintiffs' travel expenses from their home state to Monterrey or Nuevo Laredo exceeded $40.

50. Plaintiffs incurred expenses in excess of $15 for lodging while they completed a visa application form, attended a consular interview, and waited for their visa applications to be processed and for their visas to be issued.

51. Following the issuance of the H-2B visas, Plaintiffs boarded a bus and paid their own travel expenses from Mexico to Defendants' operations in Georgia, which exceeded $120.

52. Plaintiffs each paid a $6 fee for the issuance of the Customs and Border Patrol Form I-94 required to enter the United States

53. Plaintiffs entered the United States on December 13, 2012, and proceeded directly to Defendants Collins' and Plantation Sweets' operations in Georgia to plant onions.

54. The expenditures set out in paragraphs 46 through 52 were primarily for the benefit of the Defendants within the meaning of 29 C.F.R. §§ 531.32(c) and 778.217.

55. The expenditures set out in paragraphs 46 through 52 were made before receipt of Plaintiffs' first paychecks in each contract period in which they worked.

56. Defendants failed to reimburse Plaintiffs during the first workweek for the costs described in paragraphs 46 through 52, resulting in Plaintiffs' first week wages falling well below the minimum wage.

57. The Plaintiffs were employed in Georgia by Defendants Collins, Plantation Sweets, and Perez to plant and harvest onions—a repetitive, rote task that requires little training.

58. Upon information and belief, Defendants Collins and Plantation Sweets controlled the terms and conditions of Plaintiffs' employment in Georgia on a daily basis by directing the dates and time of work, directing which fields the Plaintiffs were to plant or harvest, and directing the manner in which Plaintiffs rendered services for Defendants' operations.

59. Upon information and belief, Defendants Collins and Plantation Sweets controlled the terms and conditions of Plaintiffs' employment in Georgia by determining the amount of Plaintiffs' pay through the payment method and amounts paid to Defendant Perez.

60. Defendants Collins and Plantation Sweets showed reckless disregard for the wage terms promised to Plaintiffs, and set compensation rates in onion planting and onion harvesting well below the promised wage rates.

61. Defendant Perez was hired at a specific rate and was not able to negotiate the amounts received from Defendants Collins and Plantation Sweets.

62. Defendants Collins and Plantation Sweets controlled the manner in which Defendant Perez rendered services for their onion farming operations.

63. The services rendered by Defendant Perez did not require special skills, training, or education.

64. While in Georgia, Plaintiffs worked upon farmland owned or controlled by Defendants Collins and Plantation Sweets.

65. Defendants Collins and Plantation Sweets undertook responsibilities in relation to the Plaintiffs that employers commonly perform, including providing tools, equipment, and materials necessary for Plaintiffs' work.

66. A necessary and integral step to Defendants' Collins and Plantation Sweets principal business activity of growing, harvesting, packing and marketing Vidalia sweet onions and other produce was the Plaintiffs' and their co-workers' work planting and harvesting the produce.

67. Plaintiffs did not receive payment for all compensable hours worked in Georgia as required by the FLSA and their employment contract.

68. Plaintiffs were paid on a piece-rate basis for their work in Georgia, such that they were paid according to the amount of crops they planted or harvested without regard to the number of hours they worked.

69. In some weeks, Plaintiffs' weekly piece-rate earnings for their work in Georgia fell below the applicable federal minimum wage.

70. In some weeks, Plaintiffs' weekly piece-rate earnings for their work in Georgia fell below contractually-promised wage of $14.16 for each hour worked.

71. Defendants did not supplement Plaintiffs' weekly earnings for their work in Georgia to ensure that Plaintiffs' wages met the FLSA minimum hourly wage or the minimum hourly wage set forth in the employment contracts.

72. In between the Vidalia onion planting season and the Vidalia onion harvesting season, Defendants Collins and Plantation Sweets did not provide work to Plaintiffs as required by Plaintiffs' contract, and Defendants Perez and Perez Forestry transported Plaintiffs to other worksites in Arkansas, Oklahoma, and Texas, where they worked for Defendants and unnamed joint employers planting trees and tomatoes.

73. Plaintiffs did not receive payment for all compensable hours worked in Arkansas, Oklahoma, and Texas as required by the FLSA and their employment contract.

74. Plaintiffs were paid on a piece-rate basis for their work in Arkansas, Oklahoma, and Texas, such that they were paid according to the amount of crops they planted, without regard to the number of hours they worked.

75. In some weeks, Plaintiffs' weekly piece-rate earnings for their work in Arkansas, Oklahoma, and Texas fell below the applicable federal minimum wage.

76. In some weeks, Plaintiffs' weekly piece-rate earnings for their work in Arkansas, Oklahoma, and Texas fell below the contractually-promised wage of $14.16 for each hour worked.

77. Defendants did not supplement Plaintiffs' weekly earnings for their work in Arkansas, Oklahoma, and Texas to ensure that Plaintiffs' wages met the FLSA minimum hourly wage or the minimum hourly wage set forth in the employment contracts.

78. In both the work in Georgia and in the work in Arkansas, Oklahoma, and Texas, Defendants failed to make, keep, preserve, and retain accurate employment records as required by the FLSA, 29 U.S.C. § 211(c).

## COUNT I

79. Plaintiffs incorporate each of the allegations contained in paragraphs 1 through 78 above by reference.

80. This Count sets forth a claim by Plaintiffs and others similarly situated for damages for Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 (b).

81. As detailed in paragraphs 67 through 69, 71 above, Defendants failed to pay Plaintiffs at least the required average minimum hourly wage for every compensable hour of labor performed in the workweeks spent planting and harvesting Vidalia onions in Georgia, as required by 29 U.S.C. § 206(a).

82. As detailed in paragraphs 73 through 75, and 77 above, Defendants Perez and Perez Forestry at least the required average minimum hourly wage for every compensable hour of labor performed in the workweeks spent performing agricultural work in Arkansas, Oklahoma, and Texas, as required by 29 U.S.C. § 206(a).

83. The violations of the FLSA resulted, in part, from Defendants' failure to reimburse expenses as detailed in paragraphs 46 through 52 above, which Plaintiffs incurred primarily for the benefit or convenience of Defendants prior to Plaintiffs' first week of work, in Georgia. When these expenses were subtracted from the Plaintiffs' first week's pay, as required by law, Plaintiffs' earnings fell well below the required average minimum hourly wage for that pay period, and were negative.

84. The violations set forth in this Count resulted, in part, from Defendants' practice of paying Plaintiffs based on the quantity of the produce planted or harvested without regard to the number of hours Plaintiffs worked, as detailed in paragraphs 68 and 74 above.

85. The violations set forth in this Count also resulted, in part, from Defendants' failure to record and pay Plaintiffs for all hours worked as described in paragraphs 67 through 69, 71, 73 through 75, and 77 through 78 above.

86. Pursuant to 29 U.S.C. § 216(b), as a result of Defendants' violations of the FLSA set forth in this Count, Plaintiffs are entitled to recover the amount of their unpaid wages and an equal amount as liquidated damages for each workweek in which they were suffered or permitted to work at Defendants' operations and during which they earned less than the applicable minimum wage.

## COUNT II

87. Plaintiffs and Opt-In Plaintiffs incorporate each of the allegations contained in paragraphs 1 through 78 above by reference.

88. This Count sets forth a claim by Plaintiffs for damages for Defendants' breach of the rate of pay provisions of the Plaintiffs' employment contracts, as described in paragraphs 37 through 39, above.

89. This Count sets forth Plaintiffs' claims for declaratory relief and damages for Defendants' breach of the attestations required by 20 C.F.R. § 655.22 (2008) and contained in Plaintiffs' employment contracts, including the terms set forth in paragraph 36 above, which created a contractual promise to pay Plaintiffs at least the applicable federal minimum wage for each compensable hour of work in a workweek.

90. Defendants, through their agents, offered employment on the terms and conditions set out in 2012 application for prevailing wage determination, job order, and application for temporary labor certification, and as described in paragraphs 36 through 45 above.

91. Plaintiffs accepted Defendants' offer.

92. Defendants breached the Plaintiffs' employment contracts by failing to pay the Plaintiffs the promised minimum hourly wage, as described in paragraphs 68, 70 through 71, 74, and 76 through 77 above.

93. Defendants also breached the Plaintiffs' employment contracts by failing to pay Plaintiffs at least the applicable federal minimum wage for each compensable hour of work in a workweek, as set forth above.

94. As a direct consequence of Defendants' breach of the Plaintiffs' employment contract, Plaintiffs suffered economic injury.

95. Defendants are liable to Plaintiffs for the damages that arose naturally and according to the usual course of things from Defendants' breach, as provided by federal common law and/or O.C.G.A. § 13-6-2, including unpaid wages, damages arising from the delay, and prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant them the following relief:

(a) Under Count I:

1. Declare that all Defendants have violated the FLSA as specified above in paragraphs 81, and 83 through 85 above;

2. Declare that Defendants Perez and Perez Forestry have violated the FLSA as specified in paragraphs 82 and 84 through 85 above;

3. Grant judgment against Defendants and in favor of each Plaintiff in the amount of his respective unpaid wages as proved at trial, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b); and

4. Award Plaintiffs attorneys' fees pursuant to 29 U.S.C. § 216(b).

(b) Under Count II:

1. Declare that all Defendants have breached their employment contracts with Plaintiffs as specified in paragraphs 87 through 95, above;

2. Grant judgment against all Defendants and in favor of each Plaintiff, in the amount of each Plaintiff's damages as arose naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of such breach;

(d) Award Plaintiffs pre- and post-judgment interest as allowed by law;

(e) Cast all costs upon Defendants; and

(f) Award Plaintiffs such further relief, at law or in equity, as this Court deems just and proper.

Respectfully submitted this 19th day of December, 2014,

/s/ Dawson Morton
Dawson Morton
Georgia Bar No. 525985
Theodore Roethke

15

Georgia Bar No. 111568
Lisa J. Krisher
Georgia Bar No. 429762
Georgia Legal Services Program
104 Marietta Street NW, Suite 250
Atlanta, GA  30303
Phone:  (404) 463-1633
Fax:     (404) 463-1623

*Attorneys for Plaintiffs*