# In the United States District Court
# for the Southern District of Georgia
# Statesboro Division

| | |
|---|---|
| EMILIANO HERRERA-VELAZQUEZ, GASPAR RESENDIZ-ALVAREZ, HILDEBERTO VELAZQUEZ-CAMACHO, ISAIAS MARTINEZ-ZAVALA, MARTHA HUNTER, HEATHER PARKER, JOSEPH LITTLES, MICHAEL LEE ARMSTRONG, PATRICK CONEY, CHERYL WRIGHT, TAMMIE ANTHONY, ANGELA DAY, LINDA POPE, JUAN HERNANDEZ-MARQUEZ; AND ALL OTHERS SIMILARLY SITUATED,<br><br>     Plaintiffs,<br><br>v.<br><br>PLANTATION SWEETS, INC., VIDALIA PLANTATION, INC., RONALD A. COLLINS, NARCISO PEREZ, AND PEREZ FORESTRY, LLC,<br><br>     Defendants. | CV 614-127 |

### ORDER

Emiliano Herrera-Velazquez and the other plaintiffs ("Plaintiffs") bring this action alleging violations of the Fair Labor Standards Act ("FLSA") and breach of contract (Dkt. no. 8 at 28-36). They name as defendants Plantation Sweets, Inc., Vidalia Plantation, Inc., Ronald A. Collins, Narciso Perez, and Perez Forestry, LLC (collectively "Defendants"). Id. at 5-6. The Plaintiffs now move the Court for conditional class

certification under FLSA (Dkt. no. 9). Upon due consideration, the Court **GRANTS** the motion.

## DISCUSSION

FLSA authorizes plaintiffs to bring a collective action on behalf of similarly situated employees. 29 U.S.C. § 216(b). § 216(b) class certification, unlike that under Federal Rule of Civil Procedure 23, requires putative class members to opt in to the action by providing the court with written consent in order to become a class member "and be bound by the outcome of the action." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001).

To facilitate the certification process, courts use a two-tiered approach. Id. at 1218 (citing Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)). The first tier of certification is the notice stage, when the Court determines whether notice of the pending action should be given to putative class members. Id. The Court applies a "fairly lenient standard" to determination of the propriety of notice and typically grants conditional certification of a collective action. Id. The second tier of certification, generally precipitated by a defendant's motion for decertification, usually occurs after discovery is largely complete. Id. At that time the Court, applying a more stringent standard,

determines whether the class members are in fact similarly situated. Id.

This case resides at the notice stage of FLSA certification. At this stage, the Court conducts a preliminary inquiry into whether other employees (1) are similarly situated with regard to job requirements and pay provisions and (2) wish to opt in to the pending suit. Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991). If the Court finds both considerations met, conditional certification follows.

The Plaintiffs argue that (1) their submission of eighteen consent-to-sue forms and four declarations demonstrates other employees wish to opt in; and (2) the declarations suffice to show other farm workers are similarly situated to the Plaintiffs in job requirements and pay practices (Dkt. no. 9 at 8-10). The Defendants do not oppose the conditional class certification, though they reserve the right to move for decertification as discovery progresses (See Dkt. nos. 25 at 2-3; 33 at 2). The Defendants also advocate for editing the language of the opt-in form proposed by the Plaintiffs (Dkt. nos. 25 at 3-4; 33 at 3).

The Court finds that the Plaintiffs have demonstrated that conditional class certification is proper. Eighteen consent-to-sue forms and four declarations by the Plaintiffs are sufficient to show a desire to opt in. See Davis v. Charoen Pokphand (USA), Inc., 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004) (noting

that courts affirm the existence of other employees who wish to opt in based on affidavits); <u>Harper v. Lovett's Buffet, Inc.</u>, 185 F.R.D. 358, 362 (M.D. Ala. 1999) (affirming presence of opt-in plaintiffs based on fifteen affidavits). Likewise, the declarations stating that the farm workers share job requirements and piece rate compensation are sufficient to show that the Plaintiffs are similarly situated. <u>See, e.g.</u>, <u>Monroe v. FTS USA, LLC</u>, 257 F.R.D. 634, 638 (W.D. Tenn. 2009) (finding proposed class similarly situated to plaintiffs where all employees performed "the same job functions" and received pay under the same piece rate compensation scheme).

Although the Defendants do not oppose the conditional certification, they do seek revisions to the notice itself (Dkt. nos. 25 at 3-4; 33 at 3). Facilitation of this notice is within the Court's discretion. <u>Hoffmann-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 169 (1989). "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." <u>Id.</u> at 172. The opt-in notice should be consistent with the pleadings and briefing and should be not be "'factually inaccurate, unbalanced, or misleading.'" <u>Earle v. Convergent Outsourcing, Inc.</u>, 2013 WL 6252422, at *5 (M.D. Ala. Sept. 5, 2013) (quoting <u>Maddox v. Knowledge Learning Corp.</u>, 499 F. Supp. 2d 1338, 1344 (N.D. Ga. 2007)).

4

The Plaintiffs have already revised the proposed notice to include two of the objections raised by the Defendants. The Defendants first objected that the proposed notice seemed to imply all employees of Narciso Perez and Perez Forestry who resided outside Georgia were eligible (Dkt. no. 33 at 2-3); this was remedied when the Plaintiffs removed the reference to Georgia (See Dkt. no. 34 at 2, n. 2). The Defendants also wished the notice to include a clarification that the Defendants dispute the allegations made by the Plaintiffs (Dkt. nos. 25 at 4; 33 at 3); this, too, has been remedied (See Dkt. no. 34 at 1, n. 1).

The parties have two remaining disagreements. They disagree whether the word "minimum" should be included to modify "wages" when describing the potential claims of opt-in plaintiffs (See Dkt. nos. 25 at 4; 33 at 3; 34 at 1-2). Since the amended complaint includes both minimum wage claims and overtime claims (Dkt. no. 8 at 28, 30), it would be inaccurate to imply to potential plaintiffs that only minimum wage claims were eligible for inclusion. In addition, the amended notice already describes the possibility of both "lost minimum wages and lost overtime wages" (Dkt. no. 34-1 at 3). Therefore, the Court finds that the amended notice provides sufficient clarification on this point without further change.

The parties also request different deadlines by which additional class members must join. The Plaintiffs ask for five months after they receive the list of potential plaintiffs from the Defendants (Dkt. no. 9 at 17-18); some of the Defendants request only ninety days (Dkt. no. 33 at 3). Given the mobility of the potential class, the Court agrees that it may prove difficult to contact opt-in plaintiffs. In addition, the Defendants have not shown they will be prejudiced by a longer opt-in period. See Gonzalez v. Ridgewood Landscaping, Inc., 2010 WL 1903602, at *8 (S.D. Tex. May 10, 2010) (finding no reason to shorten the opt-in time period when the defendant did not show prejudice). Therefore, the Court grants to the Plaintiffs the five months they request.

## CONCLUSION

For the reasons outlined above, the Court **GRANTS** the Plaintiffs' Motion for Conditional Certification (Dkt. no. 9). In addition, the Court **DIRECTS** that:

1. The Conditional Class is defined as follows:

   "All farmworkers employed by Plantation Sweets, including those employed under the supervision of Narciso Perez, to plant, cultivate, and harvest agricultural products between November 2012 and December 2014," and "All farmworkers so employed by the Defendants who were also taken out of Georgia to plant trees and produce between November 2012 and December 2014";

2. The Defendants must provide the Plaintiffs with a list of names, last known permanent addresses, and social

   security numbers of all putative class members within fourteen (14) days of this Order;

3. The amended notice proposed by the Plaintiffs and agreed to by the Defendants and the opt-in consent form (Dkt. no. 34-1) are approved;

4. The Defendants must post the amended notice at any employer-provided worker housing and on the vehicles used to transport workers; and

5. Potential opt-in, similarly situated plaintiffs must consent to opt into this litigation no later than five months from the date that the Defendants are required to provide the Plaintiffs the list of names described in #2 above.

**SO ORDERED**, this 6TH day of July, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA