UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| EMILIANO HERRERA-VELAZQUEZ; et al.; | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | Civil Action No.: 6:14-cv-127-LGW-GRS |
| | : | |
| PLANTATION SWEETS, INC;  et al.; | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MOTION TO COMPEL DEFENDANTS NARCISO PEREZ
AND PEREZ FORESTRY, LLC'S PRODUCTION OF PUTATIVE CLASS MEMBER
NAMES (H-2B WORKERS) AND PERMANENT ADDRESSES AND FOR TOLLING**

Plaintiffs hereby move the Court for an order compelling Defendants Narciso Perez

("Perez") and Perez Forestry, LLC ("Perez Forestry") to produce a complete list of putative class

member permanent names and addresses, as ordered by this Court.  Doc. 42.  Plaintiffs certify

that they have attempted to resolve this dispute with Defendants Perez and Perez Forestry's

counsel, but were unsuccessful.  In short, four Plaintiffs allege and one Plaintiff has sworn that

workers recruited by these Defendants on H-2B forestry visas were taken first to Georgia to

engage in agricultural work at co-Defendants' operations.  Thus, the H-2B workers are members

of the class conditionally certified by this Court.  Defendants Perez and Perez Forestry deny this

factual basis for the collective action certification, and, therefore, deny that the H-2B workers are

members of the class certified by this Court.  Plaintiffs ask the Court to order these Defendants to

produce the addresses of the H-2B workers and award attorney's fees and costs incurred in the

bringing of this motion.  Plaintiffs also seek tolling of the statute of limitations for any worker

1

who joins this action for the amount of time between the date for production of class member

names and permanent addresses ordered by this Court and the date of their actual production.

## FACTS

On December 19, 2014, Plaintiffs filed their Complaint, Doc. 1, and, on April 1, 2015,

Plaintiffs filed their Amended Complaint, Doc. 8, accompanied by their Motion for Conditional

Certification of FLSA Collective Action, Doc. 9.  Four named Plaintiffs, Emiliano

Herrera-Velazquez, Gaspar Resendiz-Alvarez, Hildeberto Velazquez-Camacho, and Isaias

Martinez-Zavala, alleged that they were recruited in Mexico by Defendants and their agents to

come to the United States on H-2B visas to do forestry work in Arkansas for Perez Forestry.

Doc. 8 ¶¶ 63, 70, 88.  However, after issuance of the H-2B visas by the U.S. Consulate, these

Plaintiffs and other workers boarded a bus and were taken directly to Georgia to plant onions.

*Id*. ¶¶ 95, 98.  After the onion planting season, Defendants Perez and Perez Forestry transported

the workers to Arkansas and contiguous states where they worked planting trees and produce.

*Id*. ¶ 102.  Before the onion harvest season, Defendants Perez and Perez Forestry returned the

four named Plaintiffs and the other similarly situated workers to Georgia.  *Id*. ¶ 103.  Plaintiffs

Herrera-Velazquez, Resendiz-Alvarez, Velazquez-Camacho, and Martinez-Zavala alleged that

they, and other similarly situated workers, suffered various FLSA violations, both in Georgia,

and notably, overtime violations for tree planting work outside of Georgia.  *Id*. ¶ 167-168, 171,

176.

In their accompanying Motion for Conditional Certification of FLSA Collective Action,

the named Plaintiffs to this action, which include U.S. and H-2A workers in addition to the H-2B

workers, sought to sue collectively on behalf of themselves and others similarly situated for

violations of the FLSA.  Doc. 9.  Lead Plaintiff Herrera-Velazquez filed a sworn declaration, in

2

which he stated that, in his estimation "more or less 40" men were recruited by Defendant Perez to work in the United States, and that only when they received their visas "Narciso told us for the first time that we were going to the state of Georgia, not Arkansas."  Doc. 9-2 ¶¶ 7, 11.  The entire group boarded a bus hired by Defendant Perez and the workers "traveled together on the bus to Georgia."  *Id.* ¶ 11.  In Georgia, the workers planted onions, and, "after doing the onion planting" Defendant Perez took them to Arkansas and contiguous states to perform other work. *Id.* ¶¶ 13, 19.  Later, Defendant Perez took the workers "back to the same town in Georgia to harvest the onions."  *Id.* ¶ 23.

Defendants Perez and Perez Forestry filed a response to the collective action motion in which they contended, inter alia, that they did not use any H-2B workers for work performed in Georgia, while acknowledging that this contention was in dispute.  Doc. 33 at 2.  These Defendants sought an amendment to Plaintiffs' proposed collective action notice for the purposes of "exclud[ing] any potential collective action members who may have worked for Perez Forestry but did not perform any work in Georgia."  *Id.* at 3.  In their reply, Plaintiffs noted that the Defendants' contention was wholly without support and contradicted by the sworn affidavit of Plaintiff Herrera-Velazquez.  Doc. 34 at 2.  Nonetheless, to avoid confusion, Plaintiffs proposed removing the words "in Georgia" and "outside Georgia" from the collective action notice "as certification [was] sought for those individuals who worked for Defendants regardless of stated or actual geographic location."  *Id.* at 2 n.2.

On July 6, 2015, this Court granted Plaintiffs' motion, and conditionally certified an FLSA class defined as:

> "All farmworkers employed by Plantation Sweets,
> including those employed under the supervision of
> Narciso Perez, to plant, cultivate, and harvest
> agricultural products between November 2012 and

> December 2014," and "All farmworkers so employed by
> the Defendants who were also taken out of Georgia
> to plant trees and produce between November 2012
> and December 2014."

Doc. 42 at 6.

In addition, the Court's July 6 Order required Defendants to "provide the Plaintiffs with a list of names, last known permanent addresses, and social security numbers of all putative class members within fourteen (14) days of this Order." *Id*. at 7. The deadline for the production of names, addresses, and social security numbers was July 20, 2015.

On July 23, 2015, three days after the deadline for the production of names and addresses, Defendants produced only the names and the temporary (not permanent[1]) addresses of workers who worked under the terms of a 2013 Perez Forestry H-2A job order. This did not come as a surprise to Plaintiffs. After Defendants Perez and Perez Forestry failed to meet the Court's July 20 deadline, Plaintiffs' counsel contacted counsel for Defendants Perez and Perez Forestry about the name and address production. Ex. A-1 (email from T. Roethke to L. Wheaton, July 21, 2015 10:24 AM). Defendants' counsel replied that Perez and Perez Forestry would produce "what he had from 2013" and stated that "[n]either Perez nor Perez Forestry did any work in Georgia prior to that." Ex. A-2 (email from L. Wheaton to T. Roethke, July 21, 2015 12:05 PM). In a follow-up communication, Plaintiffs' counsel stated Plaintiffs' expectation that the names and addresses of the H-2B workers would be produced. Ex. A-3 (email from T. Roethke to L. Wheaton, July 21, 2015 1:15 PM). Defendants' counsel responded that "[t]he judge's class definition does not include workers for Perez Forestry who never worked in Georgia." Ex. A-4 (email from L. Wheaton to T. Roethke, July 21, 2015 2:45 PM). Plaintiffs'

---

[1] Plaintiffs remain in discussion with Defendants' counsel with regard to the production of the permanent addresses, as well as other issues, and will bring them to the Court's attention if they ripen into unresolvable disputes.

4

counsel pointed out to Defendants' counsel that Plaintiffs allege that the H-2B workers were taken to Georgia before being taken to Arkansas and that affiant Herrera-Velazquez described his entire crew being so transported. Ex. A-5 (email from T. Roethke to L. Wheaton, July 21, 2015 3:41 PM). Defendants could deny facts and liability, but such denials did not operate to "define workers out of the class." *Id.*

On July 22, 2015, Defendant Perez and Perez Forestry's counsel wrote to Plaintiffs' counsel that she was "going by the judge's definition of the class, which by its terms includes workers for Perez or Perez Forestry who worked in Georgia and any other state," and that Perez would produce "data on the only group of workers that fit that definition." Ex. A-6 (email from L. Wheaton to T. Roethke, July 22, 2015 10:20 AM).

## STANDARD

This Court ordered the discovery of all putative class members' names, permanent addresses, and social security numbers in order to facilitate notice to those workers who may elect to opt in to this FLSA collective action, pursuant to 29 U.S.C. § 216(b)'s grant of "procedural authority to manage the process of joining multiple parties." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989); *see also id.* ("The District Court was correct to permit discovery of the names and addresses of the discharged employees."). Whether this Court's Order is viewed requiring a "disclosure" "as otherwise stipulated or ordered by the court," Fed. R. Civ. P. 26(a), or whether the request for names and addresses made by Plaintiffs' collective motion action is a "discovery request" to be answered by the Defendants, the rule is the same. If one party does not fully comply with discovery obligations, the opposing party may file a motion to compel discovery. Fed. R. Civ. P. 37; *Dehaan v. Urology Ctr. of Columbus LLC*, 2013 U.S. Dist. LEXIS 23364, at *3-4 (M.D. Ga. Feb. 21, 2013) ("an evasive or

incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond").  Courts enjoy discretion under Rule 37 to compel appropriate discovery.  *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).  And a party opposing a meritorious motion to compel may be required to pay the costs associated with filing that motion.  Fed. R. Civ. P. 37(a)(5); *Harris v. Carriage House Imps., Inc.*, 2007 U.S. Dist. LEXIS 3763, at *9-10 (N.D. Ga. Jan. 18, 2007).

## ARGUMENT

**1. This Court Should Order The Production Of Names And Permanent Addresses For All Workers Employed On Perez Forestry H-2B Visas For The Timeframe Of This Suit.**

This Court should compel production of the names and addresses of H-2B workers in the possession of Defendants Perez and Perez Forestry because these workers are putative class members, and disclosure of their information is required by this Court's July 6, 2015 order. Defendants' position is that, because they deny that their H-2B workers performed labor in Georgia, these workers are not covered by this Court's conditional class certification, and disclosure of their names and addresses is not warranted.  This position is simply untenable.  A court's decision to certify an FLSA collective action comes after it "examines the pleadings and affidavits . . . ."  *Strauch v. Computer Scis. Corp.*, 2015 U.S. Dist. LEXIS 76995, at *6 (D. Conn. June 9, 2015).  Here, four named Plaintiffs came to the United States under Perez Forestry H-2B visas, and allege that they were taken by Defendant Perez *to Georgia* to perform agricultural work.  *Supra*, at 2.  One such Opt-In has filed his consent to sue.  Doc. 5.  Plaintiffs' collective action motion was supported by a sworn affidavit by an H-2B worker who recounted being transported from Mexico directly to Georgia along with all his co-workers.  *Supra*, at 3; Doc. 9-2.

Defendants Perez and Perez Forestry maintain that these co-workers, who according to the only sworn statement traveled together to Georgia, fall outside the ambit of this Court's conditional class certification, even though these co-workers are the very same "similarly-situated workers" described in the pleadings.  Defendants Perez and Perez Forestry maintain that these workers are not part of this Court's conditional class certification based solely on their own denial of the facts pled, despite the fact that Defendants have previously acknowledged this a matter of contention.  *Supra*, at 3.  In effect, Defendants are asserting that their H-2B workers are not similarly situated to Plaintiffs because no H-2B workers (Plaintiffs included, presumably) actually worked in Georgia as Plaintiffs allege.  This end run around the two-stage certification procedure for collective actions is impermissible. "[A]rguments about . . . the dissimilarities between plaintiff[s] and other employees are properly raised after the parties have conducted discovery and can present a more detailed factual record for the court to review."  *Austin v. Cuna Mut. Ins. Soc'y*, 232 F.R.D. 601, 606 (W.D. Wis. 2006).  Defendants cannot invoke such arguments to prevent discovery in the first instance.

Finally, this Court ordered the production of names, permanent addresses, and social security numbers of "putative" class members. Doc. 42 at 7.  Given Plaintiffs' pleadings and collective action affidavits, any worker who came to the U.S. on a Perez Forestry H-2B visa is a "putative" class member.  Defendants will have their opportunity to argue that not all workers who received notices and filed opt-in forms are class members.  But Defendants should not be able to unilaterally removed these workers from the class by denying them notice of the suit.

7

**2. This Court Should Toll The Statute Of Limitations From The Court-Ordered Date For Name And Address Production Until The Date That Putative Class Members' Names And Permanent Addresses Are Actually Disclosed.**

In light of Defendant Perez and Perez Forestry's unjustified refusal to produce names and addresses for putative class members, Plaintiffs seeks to toll the statute of limitations for those putative class members. Plaintiffs seek tolling from the date this Court ordered Defendants to produce the names and addresses, July 20, 2015, until Defendants Perez and Perez Forestry do, in fact, produce the names and addresses. This would represent the period of time during which Plaintiffs were prevented from attempting to deliver notice.

Time limits in federal statutes like the FLSA are generally subject to equitable tolling. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990). Equitable tolling is appropriate "upon finding an inequitable event that prevented plaintiff's timely action." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). The Eleventh Circuit has held that failure to post a required notice of rights might justify equitable tolling until the employee acquires actual knowledge of those rights. *See McClinton v. Alabama By-Products Corp.*, 743 F.2d 1483, 1485 (11th Cir. 1984). Here, the Court-approved opt-in notice may be all the notice that putative class members receive, and Defendant Perez and Perez Forestry's unjustifiable refusal to produce their names and addresses is an inequitable event preventing timely action. Accordingly, this Court should order statutory tolling for the affected workers.

**CONCLUSION**

Plaintiffs respectfully request that this Court:

1. Order Defendants Perez and Perez Forestry to produce the names, permanent addresses, and social security numbers of workers who received Perez Forestry H-2B visas during the time period of this lawsuit, November 2012 through December 2014, including those who employed under job orders AR467690 (2012-2013), AR619194 (2013-2014), and AR971257 (2014-2015);

8

2. Order that the FLSA statute of limitations is tolled for any H-2B worker, from July 20, 2015, until the date that Defendants Perez and Perez Forestry actually produce the names and addresses of the H-2B workers; and

3. Order Defendants Perez and Perez Forestry to pay Plaintiffs attorney's fees and costs incurred in the making of this motion.

Respectfully submitted this 23d day of July, 2015,

/s/ Dawson Morton
Dawson Morton
Georgia Bar No. 525985
Georgia Legal Services Program
104 Marietta Street NW, Suite 250
Atlanta, GA  30303
Phone:  (404) 463-1633
Fax:      (404) 463-1623

*Counsel for Plaintiffs Emiliano Herrera-Velazquez; Gaspar Resendiz-Alvarez; Hildeberto Velazquez-Camacho; Isaias Martinez-Zavala; Martha Hunter; Heather Parker; Joseph Littles; Patrick Coney; Cheryl Wright; Tammie Anthony; Angela Day; Linda Pope; and Juan Hernandez-Marquez.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 23d day of July, 2015, filed electronically with the Clerk of the Court the foregoing **MOTION TO COMPEL DEFENDANTS PEREZ AND PEREZ FORESTRY, LLC'S PRODUCTION OF PUTATIVE CLASS MEMBER NAMES (H-2B WORKERS) AND PERMANENT ADDRESSES AND FOR TOLLING**, and all attachments.   The Court, using the CM/ECF system, will send notification of such filing to the following:

Laura H. Wheaton
Brown Rountree P.C.
Martin B. Heller
26 N. Main Street
Statesboro, GA 30458
Laura@br-firm.com

*Attorney for Defendants Narciso Perez and Perez Forestry*

J. Kendall Gross
J. Kendall Gross, P.C.
P.O. Box 695
Metter, GA 30439
kendall@jkendallgross.com
Glen A. Cheney
P.O. Box 1548
Reidsville, GA 30453
gcheney@cheneylaw.com

*Attorneys for Defendants Ronald A. Collins,*
*Plantation Sweets, Inc., and Vidalia Plantation*

William Peard
Workers' Legal Defense Fund
P.O. Box 8352
Essex, VT 05451

*Attorney for Plaintiff Michael Lee Armstrong*

/s/Dawson Morton
Counsel for Plaintiffs