UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| EMILIANO HERRERA-VELAZQUEZ, et al, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PLANTATION SWEETS, INC. VIDALIA PLANTATION, INC. RONALD A. COLLINS, NARCISO PEREZ, and PEREZ FORESTRY, LLC, | ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. CV614-127

## ORDER

Before the Court are additional discovery motions in this, the next in a series of farmworker rights cases that in one way or another turn on whether farm owners have underpaid their farmworkers. Docs. 44, 67, 78, 85 & 86; *see also Ojeda-Sanchez v. Bland Farms*, 600 F.Supp.2d 1373, 1378 (S.D. Ga. 2009); *Ramos-Barrientos v. Bland*, 2009 WL 3851624 at * 1 (S.D. Ga. Nov. 17, 2009); *Morales-Arcadio v. Shannon Produce Farms, Inc.*, 2006 WL 2578835 at *1 (S.D. Ga. Aug. 28, 2006). The now *de rigeur*

discovery disputes spring from the record-keeping that plaintiffs say farmers (and labor contractors) are supposed to maintain so that payment disputes can be efficiently resolved.[1] This case is no exception.

## I. BACKGROUND

The farmworker plaintiffs in this case "are guest workers from Mexico and seasonal agricultural workers from the United States recruited by Defendants, to work in and around Tattnall County, Georgia between 2012 and 2014." Doc. 8 at 1. They raise Fair Labor Standards Act and other claims. *Id.* The Court granted conditional class action certification, *Herrera-Velazquez v. Plantation Sweets, Inc.*, 2015 WL 4111261 at * 3 (S.D. Ga. July 6, 2015), thus necessitating discovery in quest of unidentified class members. *Herrera-Velazquez v. Plantation Sweets, Inc.*, 2015 WL 5613195 (S.D. Ga. Sept. 23, 2015) (*Herrera-II*).

---

[1] Farmers are under a legal duty to keep accurate employment and payment records. *Fanette v. Steven Davis Farms, LLC*, 28 F. Supp. 3d 1243, 1261 (N.D. Fla. 2014) (farm owner failed to keep accurate records regarding agricultural workers in violation of federal statute, where no records were kept as to time workers spent harvesting peas or beans paid on piece-rate basis, records listed production of several workers under single picker's name, and records were not retained by owner or his labor contractor).

Unhappy with discovery produced upon their requests, plaintiffs moved to compel defendants Perez and Perez Forestry, LLC (hereafter and for convenience only, "Perez") "to produce a *complete* list of putative class member names and addresses, as ordered by this Court." Doc. 44 at 1 (emphasis added). They raised substantial doubt about Perez's discovery compliance, specifically his claimed lack of memory about key data. *Herrera-II*, 2015 WL 5613195 at * 3. The Court deferred ruling on the motion to compel and directed him to "submit an affidavit swearing under oath to the above "independent recollection" assertions. He shall also specifically address each and every factual assertion set forth in plaintiffs' brief, doc. 50 at 2-3." *Id.* at * 4. He has since responded.[2] Doc. 58. Plaintiffs don't believe him. Doc. 60.

---

[2] His counsel filed this:

> Attached hereto as Exhibit A is Perez's Unsworn Declaration Under Penalty of Perjury in which, as directed by the Court, he answers plaintiffs' factual assertions. Furthermore, he states that he has produced all of the documents that he was able to find that were in any way responsive to the documents sought by plaintiffs in connection with the Court's Order certifying a conditional class. Counsel for Defendants likewise informed plaintiffs' counsel that Defendants had produced all documents that they had regarding all categories of workers as requested by plaintiffs.

Doc. 58 at 1. In his 28 U.S.C. § 1746 Declaration, Perez concedes he was "mistaken"

3

Third party Plum Creek Timber Company, Inc., meanwhile, sought a compliance-ruling with respect to plaintiffs' document subpoena, doc. 47. The Court ruled against it and told it to, *inter alia*, produce the pricing data that plaintiffs sought. *Herrera-II*, 2015 WL 5613195 at * 5-6; doc. 55 at 14. That ruling is now before the district judge upon Plum Creek's Fed. R. Civ. P. 72(a) Objection. Doc. 61; *see also* doc. 63 (response).

## II. ANALYSIS

### A. First Motion to Compel

Plaintiffs are not happy with Perez's response to the Court's compulsion Order. They basically call him a liar[3] and complain that he persists in failing to produce critical documents. Doc. 60. He resisted producing data, they emphasize, "not only on the basis of a misrepresentation, but also on the basis of a flawed legal argument. And

---

about previously attested facts and now says he has corrected them. Doc. 58-1 at 1. He now insists that he has turned over all responsive documents to his attorney, *id.* at 2, and she says she has produced them. Doc. 58 at 1-2; doc. 58-2.

[3] His lawyer has since withdrawn from representing him. Docs. 79 & 82. Three lawyers have replaced her. Docs. 80, 81 & 83 (attorneys Raymond Perez, II, Larry Stine, and Kathleen J. Jennings).

[he] made [his] production of H-2B worker information only *after* Plaintiffs filed their Motion to Compel." Doc. 60 at 2. They thus seek Fed. R. Civ. P. 37(a)(5)(A) attorney's fees and costs. *Id.* Their assertions are supported and undisputed. The Court therefore **GRANTS** their first motion to compel (doc. 47) and orders Perez to pay them $750.

**B. Second Motion to Compel**

In their second motion to compel, plaintiffs again allege hide-the-ball level deception and intransigence, this time by defendant Ronald Collins. They want this Court to order him to produce his

> electronically stored payroll records. Defendant Collins repeatedly indicated that he would produce the records, which are kept in a program called Famous, but has failed to do so. Instead, he has produced only a handful of static documents showing only a very limited portion of the data, and omitting production of metadata, the relationships between the data, the pay formulas, and, therewith, Plaintiffs' ability to reconstruct what occurred with payroll that Plaintiffs allege was prepared improperly. Doc. 8 ¶ 158-163. Hours and pay lie at the heart of this case, and therefore the Famous records are of central importance to the claims and defenses in this litigation. Plaintiffs have alleged that hours went unrecorded, and believe that the (conflicting) hours data already produced by Defendant Collins is not genuine.

Doc. 67 at 1.[4]

---

[4] After this motion was filed, Collins retained attorney Joe E. Mathews, Jr. Doc. 74.

Plaintiffs explain that "payroll amounts, payroll calculations, and payroll data are increasingly the product of specialty payroll programs. Here, as in much of agriculture, that program is called Famous Software." *Id.* Citing *Ojeda-Sanchez v. Bland Farms, LLC*, 2009 WL 2365976 at * 3 (S.D. Ga. July 31, 2009), they remind this Court that it and other courts "have emphasized that payroll data productions are to be made complete, with the associated formulas." *Id.* at 2. In litigation marked by chronic complaints of deception and obscurantism, they remind that "[w]hen only payroll reports, rather than the underlying payroll data are produced, the relationships between the data are obscured, the data is not produced in the manner in which it is stored and Plaintiffs' discovery is significantly hampered." *Id.* They thus "move to compel because Defendant Collins, while stating he would produce the data, has repeatedly failed to do so." *Id.*

With new counsel onboard, *see supra* n. 3 & 4, the parties have worked this motion out but also jointly request leave to postpone Collins' response:

---

He additionally retained Gerald M. Edenfield, who also represents defendants Plantation Sweets, Inc. and Vidalia Plantation, Inc. Doc. 72.

> Plaintiffs and Defendant Collins have agreed that Defendant Collins shall make this access available on January 6, 2016, allowing some time for set up and taking into consideration interruptions due to the upcoming holidays. In order to ensure that they have been provided with complete access to the requested data, limited only by the timeframe of this litigation, Plaintiffs will require one week, until January 13, 2015, to review/assess the remote access provided by Defendant Collins. If such access is not made or is incomplete, Plaintiffs will inform Defendant Collins so that Defendant Collins may correct the production or respond to Plaintiff's Motion. Accordingly, Plaintiffs and Defendant Collins *request* that this Court postpone until January 14, 2016 the deadline for Defendant Collins to file a response to Plaintiff's Motion to Compel, holding the motion in abeyance.

Doc. 78 at 2 (emphasis added).

The Court grants that request. For docket-clearing purposes only, however, it **DENIES** plaintiffs' second motion to compel (doc. 67) without prejudice to their right to renew it should this informal resolution attempt fail.

### C. Extensions of Time

Acknowledging two prior extensions, plaintiffs move the Court to extend by 45 days the deadlines set forth in its June 8, 2015 scheduling order, doc. 40, *as amended,* doc. 66. Doc. 85 at 1. Discovery, they point

out, is due to expire on February 19, 2016,[5] and the deadline for expert witness reports expired on December 22, 2015. *Id.* And "[a]fter the filing of Plaintiffs' Motion to Compel Defendant Ronald A. Collins's Response to Request for Production, the Plantation Defendants agreed to produce the electronic payroll data on January 6, 2016." Doc. 85 at 2. They also detail Perez's attempted compliance: He "produced a laptop computer for inspection on December 9, 2015, but, with the assistance of their retained computer expert, Plaintiffs discovered that this laptop computer did not contain the electronic payroll records for the years at issue in this litigation and instead contained electronic payroll records from other years. The Perez Defendants have since acknowledged that a second laptop computer was used for the years at issue in this litigation, and have agreed to produce it for inspection next week." *Id.* at 2-3.

In response, defendants Plantation Sweets, Inc., Vidalia Plantation, Inc., and Ronald A. Collins

> move this Court for an Order directing the parties to appear before the Court to participate in a Status Conference in the above-referenced case. Pursuant to Local Rule 16.2, and in order to

---

[5] Discovery originally was set to expire on November 21, 2015, doc. 40 at 1, but the Court extended it to February 19, 2016. Doc. 66.

facilitate the prompt completion of discovery based upon a reasonable assessment of the discovery that remains, the purpose of the proposed Status Conference would be to discuss the status of discovery and to revise the current Scheduling Order.

Doc. 86 at 1. Citing the recent change of counsel and "the unique circumstances of this case," they want a 180 day extension, not the 45 plaintiffs request. *Id.* at 3, 5. Perez concurs. Doc. 87 at 1. The Court **GRANTS** the plaintiff's extension motion, doc. 85, and also **GRANTS** the defendants' conference motion, doc. 86. At that conference the Court will hear argument on the 180-day extension request and address any remaining discovery disputes.

## III. CONCLUSION

The Court **GRANTS** plaintiffs' first motion to compel and awards them $750 in attorney fees against the Perez defendants. Doc. 44. It **DENIES** without prejudice plaintiffs' second motion to compel. Doc. 67. The Court also **GRANTS** motions # 78, 85 & 86 and **DIRECTS** the Deputy Clerk to schedule a Status Conference. Finally, counsel must

familiarize themselves with the December 1, 2015 changes in the discovery rules.[6]

---

[6] The 2015 revision to Fed. R. Civ. P. 26(b)(1) reinforces parties' obligations to consider proportionality in making discovery requests, responses, and objections:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b)(1) (emphasis added). This new version of the rule "govern[]s in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending." *Carr v. State Farm Mut. Auto. Ins., Co.*, ___ F. Supp. 3d, 2015 WL 8010920 at * 6 (N.D. Tex. Dec. 7, 2015). It elevates the proportionality factors previously found under Rule 26(b)(2)(C), but in a different order. *Bonds v. Hyundai Motor Co.*, 2015 WL 5522072 at * 3 n. 2 (M.D. Ala. Sept. 16, 2015). One court has concluded that the "burdens to show undue burden or lack of proportionality have not fundamentally changed" compared to the earlier version of the Rule. *Carr*, 2015 WL 8010920 at * 6; *see also id.* at * 9 (party seeking to resist discovery on ground that proposed discovery is not proportional to needs of case bears burden of making specific objection and showing that discovery fails proportionality calculation by coming forward with specific information to address, insofar as that information is available to it, importance of issues at stake in action, amount in controversy, parties' relative access to relevant information, parties' resources, importance of discovery in resolving issues, and whether burden or expense of the proposed discovery outweighs its likely benefit).

Finally the new rule adds as a factor "the parties' relative access to relevant information." Rule 26(b)(1). Of course, the "access" consideration in this case is directly affected by statutory record-keeping obligation noted supra n. 1.

**SO ORDERED**, this 14th day of January, 2016.

_/s/ M. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA